The undersigned respectfully dissents from the Opinion and Award awarding plaintiff benefits in this case as plaintiff has failed to prove that he suffers from a compensable hernia.
Plaintiff suffered an abdominal strain on December 30, 2002, and defendants accepted the claim as compensable. On September 22, 2003, plaintiff was diagnosed with a hernia, which defendants deny is causally related to the December 30, 2002 injury by accident.
N.C. Gen. Stat. § 97-2(18) sets forth the requirements for a compensable hernia. Plaintiff bears the burden of proof, and the evidence proffered must include that the hernia appears suddenly and that the hernia immediately follows the accident. Id.
Plaintiff received treatment for his injury by accident by Dr. Joshua Hand. Repeatedly the treating physician noted that there was no defect in plaintiff's abdominal wall. On September 22, 2003, plaintiff reported that he had begun to notice a bulge in his upper abdomen. At that point, Dr. Hand, noted a five to six centimeter bulge above the umbilicus. Plaintiff was diagnosed with a hernia as a result of this discovery.
In this case, plaintiff suffered an injury by accident approximately nine months prior to diagnosis of a hernia. While the majority takes the view that the hernia was simply undiagnosed until September 22, 2003, the evidence dictates otherwise. The only mass which was noted prior to the September 22, 2003 diagnosis was located to the left of plaintiff's umbilicus, which is inconsistent with the hernia later diagnosed to the right of the umbilical area. Therefore, there has been no medical evidence presented showing that the hernia appeared immediately after the injury by accident.
As the claim fails to meet the requirements of N.C. Gen. Stat. §97-2(18), I would vote to reverse the award of the deputy commissioner as no compensable injury has been suffered.
This the 19th day of September, 2005.
 S/_________________ BUCK LATTIMORE CHAIRMAN